UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLYDE HALL, <br><br> Petitioner, <br><br> v. <br><br> S. MILLION, Warden, <br><br> Respondent. | Civil Action No. 15-1176 (RDM) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Petitioner Clyde Hall's *pro se* petition for a writ of habeas corpus (Dkt. 1) pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Petitioner is serving a 240-month sentence imposed by the U.S. District Court for the Southern District of New York, and he is currently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania.  Dkt. 1 at 3. Because Petitioner challenges the sentencing court's jurisdiction, *see id.* at 3–5,  and he demands his immediate release from custody, *id.* at 31, the Court construes the petition as a collateral attack on his conviction and sentence.

To the extent that a remedy is available to the petitioner, his claim must be addressed to the sentencing court—here, the U.S. District Court for the Southern District of New York—in a motion under 28 U.S.C. § 2255.  *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (per curiam) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court

with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).  Section 2255 provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence*.

28 U.S.C. § 2255(a) (emphasis added).

Petitioner acknowledges that § 2255 provides the "recommended" means of seeking relief, but he contends that a § 2255 motion is "ineffective and inadequate" because it is simply "a further step in a criminal case" and merely constitutes an "administrative remedy" that is not appealable to the Supreme Court. Dkt. 1 at 26–27.  Petitioner is incorrect.  Although a § 2255 motion must be filed with the sentencing court, it provides a distinct remedy that is collateral to the original criminal proceeding.  The Supreme Court has held, moreover, that any question regarding whether § 2255 is consistent with the Suspension Clause is resolved by the statutory safety valve, which preserves the habeas remedy in cases in which a § 2255 "motion is inadequate or ineffective to test the legality of [the petitioner's] detention," 28 U.S.C. § 2255(e). *See United States v. Hayman*, 342 U.S. 205, 223 (1952); *Swain v. Pressley*, 430 U.S. 372, 381 (1977).  Here, Petitioner has failed to offer any basis to conclude that the § 2255 remedy is "inadequate or ineffective."  Indeed, the only specific concern that he raises is the purported unavailability of Supreme Court review of the denial of a § 2255 petition.  The statute, however, expressly provides that "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus," 28 U.S.C. §

2255(d), and the Supreme Court's certiorari jurisdiction extends to § 2255 petitions to the same extent it applies to § 2241 and § 2254 petitions, *see id.* § 1254(1).

Accordingly, the petition is hereby **DISMISSED** without prejudice to refiling in an appropriate forum.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  October 27, 2015